UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

MARTIN WALSH,

                Plaintiff,

    -against-

~~THE CITY OF NEW YORK,~~ Lieutenant JASON LUNSFORD, NEW YORK CITY POLICE OFFICER MICHAEL CLARK, Shield No. 5945, and NEW YORK CITY SERGEANT CATHERINE ROACH,

                Defendants.

------------------------------------X

SECOND AMENDED COMPLAINT

14 Civ. 7108 (AKH)

*[Handwritten annotation: "Leave to file against individual defts w/ granted. 3-25-16" with signature]*

## PRELIMINARY STATEMENT

1. This is an action for damages sustained by a citizen of the United States of America against employees of the New York City Police Department who violated and conspired to violate the civil and constitutional rights of the plaintiff by falsely arresting him during the early evening hours of December 31, 2013; and against the City of New York which is sued as a person pursuant to 42 U.S.C. § 1983.

## JURISDICTION

2. Plaintiff institutes these proceedings and invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1343 to obtain costs of suit, including reasonable attorney's fees, and to recover damages suffered by plaintiff and caused by defendants' violation of his rights as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and by federal

1

statutory law, particularly 42 U.S.C. § 1983.

3. This Court also has jurisdiction of this action pursuant to 28 U.S.C. § 1331 in that the matter in controversy arises under the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

4. The violation of plaintiff's rights alleged herein occurred within the City and State of State of New York, County of New York.

## PARTIES

5. Plaintiff, MARTIN WALSH, resides in the State of New York, County of New York, and is employed by the State of New York as a Court Clerk.

6. Defendant, LIEUTENANT JASON LUNSFORD, was at all relevant times a lieutenant of the New York City Police Department assigned to the 75th Precinct. As such he had authority over the police officers who participated in the tortious conduct alleged herein by plaintiff, and also personally participated in the decisions and actions which resulted in the false, improper and unlawful arrest of the plaintiff herein. At all relevant times, he acted in his capacity as an agent, servant, and employee of the defendant, City of New York. He is sued individually and in his official capacity.

7. Defendant, SERGEANT CATHERINE ROACH, is a police sergeant employed by the New York City Police Department and at all relevant times herein, acted in the capacity of agent, servant, and employee

of the defendant, CITY OF NEW YORK. She is sued individually and in her official capacity.

8. Defendant, MICHAEL CLARK, at all relevant times, was a police officer employed by the New York City Police Department and acted in the capacity of agent, servant, and employee of the defendant, CITY OF NEW YORK. Now retired, he is sued individually and in his official capacity.

9. Defendant, CITY OF NEW YORK, is a municipal corporation organized and existing pursuant to and by virtue of the laws of the State of New York.

10. At all times relevant herein, the defendants LUNSFORD, ROACH, and CLARK, and their agents, assistants, and employees acted pursuant to the policies, regulations or decisions officially adopted or promulgated by agents of the New York City Police Department, whose acts may fairly be said to represent official policy or governmental custom of the New York City Police Department and City of New York.

FACTUAL ALLEGATIONS

11. On December 31, 2013, at approximately 6:30 p.m., the plaintiff was working as a security guard in the Hilton Hotel, 1335 Avenue of Americas, New York, New York.

12. At the above time and date, plaintiff was specifically assigned to prevent members of the public from entering the hotel through a particular doorway designated as an exit door.

3

13. As plaintiff was lawfully at his post and performing his duties, David Vadala, a retired New York City police officer, entered the Hilton Hotel through the exit door to which plaintiff was assigned.

14. Plaintiff, in furtherance of his assignment, blocked the path of David Vadala, and advised him he could not enter through that door, but would have to use the entrance.

15. David Vadala did not obey plaintiff's commands.

16. David Vadala shoved plaintiff and grabbed plaintiff and forcibly pushed him through an open doorway, instigating a physical confrontation between himself and plaintiff. Plaintiff defended himself, including punching David Vadala one time in the face.

17. During the physical altercation, several police officers present in and around the Hilton Hotel, intervened and ultimately restrained and handcuffed David Vadala.

18. Plaintiff was advised by defendant, LIEUTENANT JASON LUNSFORD, that as part of the arrest process of David Vadala, he should provide him with his New York State Court Clerk identification card and he should go to the Eighteenth Precinct to swear out a complaint.

19. Plaintiff proceeded to the Eighteenth Precinct, and was told to wait in a room. After a period of time, the defendant, MICHAEL CLARK, entered the room and told plaintiff that he would have to "shit can" the arrest, meaning he would have to agree to

4

not press charges against David Vadala.

20. Plaintiff advised MICHAEL CLARK that he would not agree to that. MICHAEL CLARK left the room, and plaintiff continued waiting.

21. A short time later, defendant, CATHERINE ROACH, who identified herself as the Desk Sergeant, entered the room and asked plaintiff to describe to her what happened at the Hilton Hotel. Plaintiff complied.

22. After hearing plaintiff's account, defendant CATHERINE ROACH left the room and returned a short time later with the defendant, LIEUTENANT JASON LUNSFORD.

23. Plaintiff was then accused by LIEUTENANT JASON LUNSFORD of changing his story, which assertion by LUNSFORD was not true, but was instead part of a conspiratorial plan designed by the defendants to induce and intimidate the plaintiff into withdrawing his complaint against David Vadala. Plaintiff continued to express the intent to proceed with charges against David Vadala.

24. Some time later, after plaintiff was again left in the room to wait by himself, CATHERINE ROACH returned and inquired again if plaintiff was going to drop the charges against David Vadala. When plaintiff insisted he would not, CATHERINE ROACH told plaintiff to turn around and place his hands behind his back as he was being placed under arrest based on a cross-complaint made by Vadala. He was handcuffed behind his back by CATHERINE ROACH and

5

ultimately searched and placed in a precinct holding cell to await further arrest processing by the assigned arresting officer.

25. In spite of the fact that he had committed no crime, and the fact that the officers and police officials who arrested him, including LIEUTENANT JASON LUNSFORD, SERGEANT CATHERINE ROACH, and PO MICHAEL CLARK, knew of his complete innocence of any crime, plaintiff was arrested and charged in Criminal Court with two counts of assault and one count of harassment against David Vadala.

26. As part of the arrest process, plaintiff was handcuffed, searched, detained, fingerprinted, photographed, and charged with crimes. Claimant was forcibly transported in handcuffs from the Eighteenth Precinct to Cental Booking and remained in custody approximately 13 hours. The case against him remained pending until being dismissed and sealed on May 5, 2014.

27. As a direct and proximate result of the aforesaid acts of the defendants, the plaintiff has suffered and will continue to suffer injuries, including, but not limited to, pecuniary injury, loss of liberty, nightmares, embarrassment, and emotional anguish.

## FEDERAL CAUSES OF ACTION

28. The allegations set forth in paragraphs one through twenty-nine are repeated and re-alleged.

29. The above described actions and omissions, engaged in under color of state authority by the defendants, including defendant City of New York, deprived the plaintiff of rights

6

secured to him by the Constitution of the United States, including, but not limited to, his Fourth Amendment right to bodily integrity, and to be free from unlawful seizure of his person, malicious prosecutions, and his Fifth and Fourteenth amendment right to due process of law, including the right to be free from unjustified and unlawful abuse of arrest powers.

### PENDENT CAUSE OF ACTION FOR FALSE ARREST

30. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

31. Defendants, LIEUTENANT JASON LUNSFORD, SERGEANT CATHERINE ROACH, and MICHAEL CLARK, subjected the plaintiff, MARTIN WALSH, to false arrest, imprisonment, and deprivation of liberty without probable cause.

32. As a result of the false arrest, imprisonment, and deprivation of liberty, the plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

### PENDENT CAUSE OF ACTION FOR MALICIOUS PROSECUTION

33. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraphs as if fully set forth at length herein.

34. Despite his arrest and prosecution as set forth, plaintiff's case terminated in his favor by dismissal on May 5, 2014.

35. Each of the individual defendants actively participated in the case by arresting and participating in the prosecution of the plaintiff without probable cause or without just reason to do so.

36. Each of the defendants so participating did so with knowledge that the prosecution was groundless and a conspiratorial action designed to coerce and induce plaintiff to withdraw charges against former police officer David Vadala, not because plaintiff was guilty of committing a crime.

37. As a result of the malicious prosecution of plaintiff, plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

## CAUSE OF ACTION FOR CONSPIRACY

38. Plaintiff incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

39. By the actions described above, defendants LIEUTENANT JASON LUNSFORD, SERGEANT CATHERINE ROACH, and MICHAEL CLARK, jointly and severally, acting in their capacities and under color of law, conspired together and maliciously and willfully entered into a scheme to deprive plaintiff, MARTIN WALSH, of his rights, liberty, and well-being, and conspired together to commit the above-alleged unlawful acts. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law

8

rights as guaranteed by the laws and Constitution of the State of New York.

40. As a result of the foregoing, plaintiff was deprived of liberty, sustained emotional injuries, and was subject to great humiliation, and was otherwise harmed, damaged, and injured.

## PUNITIVE DAMAGES CLAIM

41. As a result of the extreme, wanton, and outrageous nature of the conduct of the defendants, LIEUTENANT JASON LUNSFORD, SERGEANT CATHERINE ROACH, and MICHAEL CLARK, in, among other things, arresting the plaintiff, MARTIN WALSH, without cause or reason and conspiring among themselves to subvert the law and their duty in doing so, the plaintiff is entitled to punitive damages in the amount of One Million ($1,000,000.00) Dollars.

## RESPONDEAT SUPEREOR LIABILITY

42. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

43. At all times relevant herein, the defendants, LIEUTENANT JASON LUNSFORD, SERGEANT CATHERINE ROACH, and MICHAEL CLARK, were acting within the scope of their employment as an officer and agent of the New York City Police Department.

44. The CITY OF NEW YORK is liable for compensatory and exemplary damages under the doctrine of respondeat supereor or is liable to indemnify the individual defendants pursuant to

9

provisions of the General Municipal Law for the tortious and unlawful acts of defendants LIEUTENANT JASON LUNSFORD, SERGEANT CATHERINE ROACH, and MICHAEL CLARK committed within the scope of their employment.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in the amount of One Million ($1,000,000.00) Dollars as compensatory damages on each of plaintiff's Pendent Causes of Action, and for appropriate damages on plaintiff's federal claims;

B. Awarding plaintiff punitive damages against defendants LIEUTENANT JASON LUNSFORD, SERGEANT CATHERINE ROACH, and MICHAEL CLARK in the amount of One Million ($1,000,000.00) Dollars;

C. Awarding plaintiff the reasonable attorney's fees, interest, costs and disbursements of this action; and,

D.  Granting such other and further relief as this court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:   New York, New York
         January 14, 2016

                                        ROTHMAN, SCHNEIDER,
                                             SOLOWAY & STERN, LLP
                                        Attorneys for Plaintiff
                                        100 Lafayette Street
                                        New York, New York 10013
                                        (212) 571-5500

                                        By: _____
                                              ROBERT A. SOLOWAY