UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC
DOC
ELE        ICALLY FILED
DO:
DATE FILED  6/30/16
```

------------------------------------------------------------ x

MARTIN WALSH,

                      Plaintiff,

     -against-

CITY OF NEW YORK, ET AL,

                  Defendants.

**ORDER AND OPINION
DENYING DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT**

14 Civ. 7108 (AKH)

------------------------------------------------------------ x

      Plaintiff Martin Walsh filed this lawsuit against Defendants Lieutenant Jason

Lunsford, Officer Michael Clark, and Sergeant Catherine Roach, alleging claims for false arrest,

malicious prosecution, and conspiracy under 42 U.S.C. § 1983. According to his complaint, on

December 31, 2013, Walsh was working as a security guard at the Hilton Hotel, assigned to

prevent members of the public from entering the hotel through an exit-only door. Retired police

officer David Vadala tried to enter through the door that Walsh was guarding and instigated a

physical confrontation when blocked. Vadala was ultimately subdued by a number of police

officers and arrested at the scene. Walsh went to the Eighteenth Precinct to file a complaint, as

instructed by Defendant Lunsford. The defendants pressured Walsh to drop his complaint

against Vadala, and then arrested him when he refused. The defendants now move for summary

judgment, arguing that plaintiff's claims fail as a matter of law. For the reasons stated below, the

defendants' motion for summary judgment is DENIED.

## I.    False Arrest

      The defendants argue that the false arrest claim fails because there was probable

cause for plaintiff's arrest based on a cross-complaint from David Vadala. For a claim of false

arrest under section 1983, a plaintiff must prove that the defendants, acting under color of state

law, (1) "intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (quoting *Broughton v. State of New York*, 373 N.Y.S.2d 87, 93 (N.Y. 1975); *see also Hygh v. Jacobs*, 961 F.2d 359, 366 (2d Cir. 1992). "The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest.'" *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (quoting *Bernard v. United States,* 25 F.3d 98, 102 (2d Cir. 1994)). Probable cause exists "when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Singer*, 63 F.3d at 118.

The defendants contend that Vadala told the police that Walsh assaulted him, and pointed to the visible injuries that he had on his face. And, they argue that this citizen complaint established probable cause, because "a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness, who it seems reasonable to believe is telling the truth." *Miloslavsky v. AES Eng'g Soc., Inc.*, 808 F. Supp. 351, 355 (S.D.N.Y. 1992), *aff'd,* 993 F.2d 1534 (2d Cir. 1993). And, they argue that the subjective motivation of the defendants is irrelevant, because, "under both New York and federal law, summary judgment dismissing a plaintiff's false arrest claim is appropriate if the undisputed facts indicate that the arresting officer's probable cause determination was objectively reasonable." *Jenkins v. City of New York*, 478 F.3d 76, 88 (2d Cir. 2007).

However, while it is true that "[p]robable cause will *generally* be found to exist when an officer is advised of a crime by a victim or an eyewitness," *Wahhab v. City of New York*, 386 F. Supp. 2d 277, 287 (S.D.N.Y. 2005) (emphasis added), "under some circumstances,

2

a police officer's awareness of the facts supporting a defense can eliminate probable cause,"
*Jocks v. Tavernier*, 316 F.3d 128, 135 (2d Cir. 2003). While an officer has no obligation to
investigate exculpatory defenses, an officer also cannot "deliberately disregard facts known to
him which establish justification." *Id.* The defendants argue that Vadala's complaint gave them
an objectively reasonable basis to arrest Walsh, ignoring that there are issues of material fact as
to what the defendants knew at the time of Walsh's arrest, and whether the defendants
deliberately disregarded exculpatory information. *Wahhab*, 386 F. Supp. 2d at 287 ("Where
there is *no dispute* as to the knowledge of the officers, whether probable cause existed may be
determined as a matter of law." (emphasis added)). The court cannot determine that probable
cause existed as a matter of law when there are factual questions about the knowledge of the
individual defendants that might render the arrest objectively unreasonable.

## II.     Malicious Prosecution

The defendants similarly argue that the plaintiff's malicious prosecution must fail.
To establish a malicious prosecution claim under section 1983, a plaintiff first must prove the
elements of malicious prosecution under New York law, "1) that the defendant initiated a
prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the
proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution
was terminated in the plaintiff's favor," *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 417
(2d Cir. 1999), "and then show that his Fourth Amendment rights were violated after legal
proceedings were initiated," *Little v. City of New York*, 487 F. Supp. 2d 426, 440 (S.D.N.Y.
2007). Defendants argue that they did not initiate the prosecution against Walsh, and that there

3

is no indication that they acted with malice.[1]  But, there are issues of material fact that prevent this court from finding that either element is lacking as a matter of law.

The defendants contend that they cannot be said to have initiated the prosecution, because "the chain of causation between a police officer's unlawful arrest and a subsequent conviction and incarceration is broken by the intervening exercise of independent judgment" by the prosecutor. *Townes v. City of New York*, 176 F.3d 138, 147 (2d Cir. 1999).  But in malicious prosecution actions "alleging that a police officer provided false information to a prosecutor, what prosecutors do subsequently has no effect whatsoever on the police officer's initial, potentially tortious behavior." *Cameron v. City of New York*, 598 F.3d 50, 63 (2d Cir. 2010).

Here, there is evidence from which a jury could find that the defendants intentionally furnished false information about the plaintiff's conduct to prompt a criminal prosecution. *Higazy v. Templeton*, 505 F.3d 161, 177 (2d Cir. 2007) ("[T]he chain of causation need not be considered broken if [a defendant government agent] deceived the subsequent decision maker or could reasonably foresee that his misconduct [would] contribute to an independent decision that results in a deprivation of liberty."); *Little*, 487 F. Supp. 2d at 440 ("[A]n officer will not be held liable for malicious prosecution *unless there is evidence that he misled the prosecuting attorney*." (emphasis added)).  There is evidence from which a jury could conclude that the defendants were directly involved in the decision to arrest and file charges against the plaintiff.  Though their signatures were not on the formal charging document as the complaint was sworn out by a different officer, Officer Jhonny Milfort, the plaintiff's account, if believed by a jury, provides evidence that the defendants reasonably foresaw and intended that

---

[1] The defendants also argue that there was probable cause, and thus plaintiff cannot establish the second element of a malicious prosecution claim.  But, as discussed above, there are material issues of fact regarding the existence of probable cause.

4

false information would induce a prosecution. And the same evidence would allow a jury to

conclude that the defendants acted with malice, for a retaliatory purpose. *See Lowth v. Town of*

*Cheektowaga*, 82 F.3d 563, 573 (2d Cir. 1996) ("[M]alice does not have to be actual spite or

hatred, but means only that the defendant must have commenced the criminal proceeding due to

a wrong or improper motive, something other than a desire to see the ends of justice served."

(internal quotation marks omitted)).

### III.    Qualified Immunity

Nor are these defendants entitled to qualified immunity. "A defendant official is

entitled to qualified immunity if (1) the defendant's actions did not violate clearly established

law, or (2) it was objectively reasonable for the defendant to believe that his actions did not

violate such law." *Ford v. Moore*, 237 F.3d 156, 162 (2d Cir. 2001). But "[t]he right not to be

arrested without probable cause is a clearly established right." *Lee v. Sandberg*, 136 F.3d 94,102

(2d Cir. 1997). If the plaintiff's evidence is believed by a jury, then the defendants' actions were

in violation of a clearly established right, nor could they reasonably have believed otherwise, and

thus the defendants' motion for summary judgment cannot be granted. *Ford*, 237 F.3d at 162

("For a defendant to secure summary judgment on the ground of qualified immunity, he must

show that no reasonable jury, viewing the evidence in the light most favorable to the Plaintiff,

could conclude that the defendant's actions were objectively unreasonable in light of clearly

established law.").

### IV.    Dismissal of Michael Clark

The plaintiff has sufficiently alleged the involvement of Defendant Michael

Clark. According to the plaintiff's account of events, Clark explicitly asked him to drop the

charges and then, after his arrest, facilitated a phone call with the plaintiff's boss to add further

pressure. A jury could decide that this personal involvement shows that Clark was involved in

5

the plan and actions of the other defendants. *See Little*, 487 F. Supp. 2d at 438 ("A police officer

can only be held liable for a false arrest that occurs outside his presence if he 'had reason to

know' that such a false arrest was likely to occur." (quoting *Escalera v. Lunn,* 361 F.3d 737, 748

n.4 (2d Cir. 2004))).

## V.    Section 1983 Conspiracy Count

Defendants finally argue that the section 1983 conspiracy claim cannot survive

summary judgment. "To prove a section 1983 conspiracy, a plaintiff must show: (1) an

agreement between two or more state actors or between a state actor and a private entity; (2) to

act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that

goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999).

Defendants first argue that the intra-corporate conspiracy doctrine means that

officers of a single municipal entity are legally incapable of conspiring together. Leaving open

whether the doctrine is applicable to section 1983 conspiracy claims, "courts have recognized an

exception to this doctrine when the defendants 'were motivated by [an] independent personal

stake in achieving the corporation's objective.'" *Alvarez v. City of New York*, No. 11 CIV. 5464

LAK, 2012 WL 6212612, at \*3 (S.D.N.Y. Dec. 12, 2012) (quoting *Hartline v. Gallo*, 546 F.3d

95, 99 n. 1 (2d Cir. 2008)). If the plaintiff's account is believed by a jury, then the defendants

were not coordinating to implement official policy, but rather acting in concert to exact

retaliation that was personal, rather than official, in nature. The defendants also argue that the

section 1983 conspiracy claim is not supported by evidence, but rests instead on purely

conclusory allegations. The jury could conclude that the plaintiff's account of his arrest provides

sufficient circumstantial evidence of coordination to prove a "meeting of the minds" regarding

the retaliatory arrest of the plaintiff. *See, e.g., Rounseville v. Zahl*, 13 F.3d 625, 632 (2d Cir.

1994) ('[C]onspiracies are by their very nature secretive operations that can hardly ever be

6

proven by direct evidence."). The section 1983 conspiracy claim presents questions of fact that must go to a jury.

## VI. Conclusion

The defendants' motion for summary judgment is DENIED. The Clerk shall terminate the motion. [Dkt No. 38]

Dated:          New York, New York
                June 30 2016

                                        ALVIN K. HELLERSTEIN
                                        United States District Judge