UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                  :

MARTIN WALSH,
                  Plaintiff,      :

                                  :   14 Civ. 7108 (AKH)

     -against-             :

                                  :   DECLARATION OF ROBERT A.
MICHAEL CLARK, CATHERINE ROACH,   :   SOLOWAY IN SUPPORT OF
and THE CITY OF NEW YORK,         :   PLAINTIFF'S FEE APPLICATION

                                  :

                  Defendants.    :

                                  :
-------------------------------------------------------------x

     ROBERT A. SOLOWAY, pursuant to 28 U.S.C. § 1746, hereby affirms under penalty of

perjury the following:

     1.  I am a member of the firm of Rothman, Schneider, Soloway, & Stern, LLP, attorneys'

for the plaintiff in this action, MARTIN WALSH.  I make this declaration in support of an award

of attorney's fees on plaintiff's behalf pursuant to 42 U.S.C. § 1988 against the above-captioned

defendants.

     2.  Since the commencement of this litigation, the matter has been staffed by different

personnel of my firm and this application includes the work and fees all of such individuals.  Those

individuals include firm member David Stern and myself; associate Lucas Anderson; and paralegal

Mayerlin Ulerio.  The respective roles of these individuals will be described herein. I respectfully

request an hourly rate of $625 an hour for my work and that of my partner, David Stern; $325 per

hour for associate, Lucas Anderson; and $110 per hour for paralegal, Mayerlin Ulerio.  I necessarily

spent 354.4 hours on this matter, and for the reasons set forth herein, respectfully request

compensation at the rate of $625.00 per hour, for a total fee award of $221,500.00.  David Stern

necessarily spent 74.4 hours on this matter, and it is also respectfully requested that he be

compensated at the rate of $625.00 per hour for a total award of $46,500.00. Sixth year associate Lucas Anderson necessarily spent 164.6 hours on this matter, and we respectfully seek compensation at the rate of $325.00 per hour for a total of legal fee award of $57,610.00. Paralegal Mayerlin Ulerio spent a total of 30.4 hours in her trial support role in and out of the courtroom in this matter, and we respectfully request that she be compensated at the rate of $110.00 per hour for a total award of $3,344.00. Thus, the total amount sought in the instant fee application is $328,954.00.

3.    I served as trial counsel in this matter, and also headed and conducted most of the litigation, from drafting the initial complaint and two amended complaints, to managing, overseeing, and supervising the litigation from commencement through trial. That work included drafting pleadings; making and responding to discovery demands; reviewing discovery; conducting and defending depositions; meeting with and preparing witnesses for trial; participating in the preparation of motion papers; preparing and negotiating matters relating to the joint pre-trial order; participating in the preparation of proposed jury charges; and preparing and trying the case before a jury and Hon. Alvin K. Hellerstein in this Court in January 2017.

4.    It bears noting at the outset that this action was commenced by plaintiff in September 2014 and was contentiously litigated through jury trial, during the entirety of which period the defendant's adopted a "no pay" position (as is their right, regardless of the relative sense – or lack thereof – of their positions). Moreover, the defense chose to interpose during the course of the litigation motions for summary judgment which were denied in all respects; a frivolous interlocutory appeal to the Second Circuit of the qualified immunity portion of the summary judgment denial, which was dismissed by the appellate court upon plaintiff's motion; extensive (though entirely meritless) post-verdict motions pursuant to Rules 50 and 59 of the Federal Rules of Civil Procedure;

2

and now have embarked on an appeal of the trial jury's verdict and award to the Second Circuit. Of course, all of these motions and proceedings had to be comprehensively responded to and rebutted (and they were) throughout the pendency of the case.

5. Additionally, plaintiff's counsel has made overtures to the defense to try and resolve the matter, all of which have been rejected, including even after the denial of the post-verdict motions when defense counsel informed me in response to my overture as to whether "interest existed" in seeking a negotiated resolution, that, "we are considering our options on appeal and will advise once we have made a determination." No response was forthcoming other than the filing of a Notice of Appeal yesterday, Sunday, August 6, 2017.

*I.  Experience and Background of Robert A. Soloway*

6. I am a graduate of the College of William and Mary in Virginia (1980) and of New York Law School (1983).  I began my legal career as an associate with the firm of Munves, Tanenhaus & Storch, P.C., where my responsibilities consisted of participating in the representation of a major asbestos manufacturer's federal action against the United States seeking contribution and contract indemnity with respect to the client's underlying liabilities in asbestos litigation throughout the country. My experience in tort litigation continued when I became an associate of the firm of Jacobs & Deutsch, P.C. in 1985, a general practice and tort and commercial litigation firm, in which I was responsible for a caseload of litigation matters arising largely from the firm's construction and garment industry clientele.

7. In September, 1987, wanting to become a trial attorney and to represent people in trouble and in need, I accepted a position as a staff attorney with the Manhattan Criminal Defense Division of the Legal Aid Society, and was  responsible for representing indigent individuals charged with

crimes.  In 1993, with my three current partners, we founded the law firm at which I currently practice, and the practice is devoted to defending State and federal criminal matters, civil rights litigation, and the prosecution of general tort actions.

8.   Throughout my career, and for three decades now, I have handled serious and complex litigation, and believe I have generally established a reputation among peers and the Courts' before whom I have appeared as an accomplished litigator and trial lawyer.   I have tried more than 60 criminal jury trials to verdict, ten of them in federal court, and represented thousands of criminal clients in my career.  I have handled civil rights cases regularly and since the inception of our firm's practice 24 years ago, have tried three tort matters before juries to successful verdict, two of which were actions against police officers alleging civil rights violations.   I also settled during the middle of trial a § 1983 action prosecuted in the Supreme Court of the State of New York, Bronx County in 2007 in the matter of Estate of Velez v City of New York, 18429/2000, Hon. Patricia Williams, and have also settled several tort matters while juries were being selected in State court.

9.   At the Legal Aid Society, I began handling misdemeanors and low level felonies after training, and soon thereafter, began representing people accused of violent crimes and serious narcotics offenses.   From early in my career, I have regularly represented defendants charged with homicides in the State courts of Manhattan, Brooklyn, and the Bronx.  I tried my first murder case in 1994, and, in total, I have tried 11 homicide cases to verdict in the courts of New York State as lead counsel. The cases are listed below with information as to the specific defendant, charge, Judge, prosecutor, court, and trial date:

4

| Defendant | Charge | Judge | Prosecutor | Court | Date |
|---|---|---|---|---|---|
| Dante Harris | Murder 2 ° | Thomas Farber | C. Welykyj | New York Supreme | Apr-2010 |
| B. Woolcock | Murder 2 ° | Gustin Reichblach | Julie Rendelman | Kings Supreme | Sep-2005 |
| Earl Mason | Murder 2 ° | Edward McGlaughin | Eugene Hurley | New York Supreme | Jan-2002 |
| Juan Garcia | Murder 2 ° | William Mogelescu | S. Carroll | Bronx Supreme | Oct-1999 |
| Jose Nunez | Murder 2 ° | Patricia Sudolnick | D. Acevedo | New York Supreme | Sep-1998 |
| Curtis Mosley | Murder 2 ° | Phyllis-Skloot Bamberger | Katherine Yuremko | Bronx Supreme | Jan-1998 |
| Phineas Jasper | Attempted Murder 2 ° | Marcy Kahn | Don Leo | New York Supreme | Mar-1997 |
| Virginia Stewart | Manslaughter | Patricia Williams | Allison Turkel | New York Supreme | Nov-1996 |
| John Black | Murder 2 ° | John A.K. Bradley | A. Lorenzo | New York Supreme | Aug-1999 |
| W. Delosangeles | Murder 2 ° | L.C. Snyder | Daniel Brownell | New York Supreme | 9/1994 - 5/1995 |
| Hubert Napier | Murder 2 ° | L.C. Snyder | Eugene Hurley | New York Supreme | 1/1994 - 3/1994 |

10. In federal court, I have also represented many clients charged with homicide. In 2013, I was a member of the trial team -- together with my partner, David Stern and co-counsel, Richard Jaspar -- which represented Ronell Wilson in the capital prosecution presided over by Hon. Nicholas G. Garaufis which re-tried the "penalty phase" of the action after the Second Circuit reversed Mr. Wilson's first death sentence (*USA v. Wilson*, 04 Cr 1016, AUSA James McGovern).

11. Murder cases I have tried as lead counsel in federal court have been before Alleyne Ross in 2008 (*USA v Joseph Young*, 06 Cr 285, AUSAs Winston Chan, Jack Dennehy, William Shaeffer); John Gleeson in 2014 (*USA v. Louis Grasso*, 12 Cr 447, AUSAs Nicole Argentieri and Darren LaVerne, co-defendant counsel, Susan Kellman); and Nicholas Garaufis in 2014 (*USA v. Ronald Herron*, 10 Cr. 615, AUSAs Shreve Ariail, Rena Paul, Sam Nitze). In the *Herron* matter --- on which Richard Jaspar served as learned counsel before the Government's decision not to seek death -- I participated in a mitigation presentation to the Capital Case Unit in Washington, DC, and also wrote

substantial portions of the defense submission presented to the Attorney General's Capital Committee.

12. In addition to the aforesaid criminal defense experience – which experience bears heavily on the ability to knowledgeably prosecute civil rights matters against police officers – I have extensive experience representing plaintiff's in tort litigation, including civil rights cases. In total, I have prosecuted approximately twenty-five civil rights actions in my career, both in State and federal court, as well as handled scores of other tort actions, including medical and legal malpractice actions, and general personal injury actions. The plaintiff in the instant case selected me to handle the instant action based upon my knowledge and experience handling civil rights cases of the kind he sought to pursue.

13. As is fully set forth in the Memorandum of Law we will file in this matter, as the rates for experienced civil rights practitioners range up to $650 per hour as of March, 2015, it is respectfully submitted that a reasonable rate at which Mr. Stern and I should be compensated is $625.00 per hour. See, Tarasik Abdell v. City of New York, 05 Civ 8453 (RJS) , 2015 WL 898974 (S.D.N.Y. 2015). For the convenience of the Court, a copy of Abdell is annexed as Exhibit A. A copy of my contemporaneous hourly record for legal services rendered is annexed as Exhibit B.

II. *Experience and Background of David Stern*

14. David Stern is a highly experienced criminal practitioner, including having tried eleven homicide cases to verdict in federal court, three of which were capital trials.

15. David is a graduate of Indiana State University (1979) and earned his *Juris Doctor* from New York University Law School in 1982. He has practiced primarily in the area of criminal defense, and is now among the most highly regarded criminal defense practitioners in the State. He

started his career as an attorney with the Legal Aid Society, and was promoted to serve as one of the members and supervisors of the elite Legal Aid Unit known as Senior Trial Attorney Bureau, which tries the Society's most complex and challenging matters. David is now frequently called upon by Judge's in the Eastern and Southern Districts of New York to serve as "Learned Counsel" pursuant to 18 U.S.C. § 3005, the section giving defendant's facing capital prosecution the right to representation by two lawyers, at least one of whom "shall be learned in the law applicable to capital cases."

16.   In addition to his work on many of the most complex and difficult prosecutions in federal court during the past ten years, including the trial before Judge Sand of the Al Qaeda terrorists who simultaneously detonated bombs which destroyed the American Embassies in Kenya and Tanzania in 1998, Mr. Stern has also participated in much of our firm's civil practice, particularly, though not exclusively, in matters which have proceeded to trial.   Thus, he has been co-counsel with me in the three § 1983 trials our office has conducted since 2006, one before Hon. Renee Buchwald in 2006 (Sutton v. Riverbay Corporation, 04 Civ 5722 (NRB)); one in State Court in the Bronx before Hon. Patricia Williams in 2007 (Estate of Velez v. City of New York, 18429/00); and the instant matter.

17. In this matter, Mr. Stern's enormous skill and expertise as a federal trial practitioner was called upon on behalf of the plaintiff when it became apparent that the matter would proceed to trial. Thus, he acted as co-counsel, and in that role, gave the plaintiff's closing argument, and cross-examined two of the three police witnesses called by the defense at the trial.

18.   For these reasons, we ask this Court to award compensation to Mr. Stern at the rate of $625.00 per hour for the hours he spent in the matter, which are set forth at Exhibit C.   His

compensation at that rate totals $46,500.00.

### III.  Experience and Background of Lucas Anderson

19.  Lucas Anderson was an associate of our firm for seven years, from 2010 until July 2017. He earned his Juris Doctor from George Washington University School of Law in 2010 and a B.A. from New York University in 2005.  He worked 164.6 hours in connection with this matter, and we respectfully submit he should be compensated at the rate of $325.00 per hour for a total of $57,610.00.

20.  Lucas joined our firm to participate in researching and writing appeals, and to generally support all aspects of the firm's criminal and civil litigation practice.   He was not engaged in conducting trials, but was involved in virtually all other tasks engaged in by the office.  Thus, he handled all aspects of research and writing in both criminal and civil actions.

21.  Thus, in civil matters, Lucas was responsible for legal research, drafting civil pleadings, researching and writing proposed jury instructions and voir dire questions, and all motion practice, including discovery,  dispositive motions, and in limine practice.  He was thoroughly trained and versed in such matters by the time he began participating in the instant matter, as when the matter commenced, he had been an associate at the firm for more than four years.  By that time, he had a role in most of the firm's civil work up until that date.  Indeed, by 2014, Lucas was drafting pleadings in much of the firm's civil practice himself, and had exclusive responsibility in all aspects of certain cases, with the exception of authority to settle.

22.  As reflected in the billing records annexed as Exhibit D, Lucas's role in the matter commenced in 2016, as the matter moved toward trial and dispositive motions were being defended,

8

motion practice in the in the Second Circuit was conducted, and in limine motion practice was

engaged in.[1] Lucas was a very experienced associate in such matters in 2016, and it is respectfully

submitted should be compensated as a sixth year associate at the rate of $325.00 per hour.

*IV.  Background and Experience of Mayerlin Ulerio*

23. Mayerlin Ulerio is a highly experienced paralegal who has worked for our law firm for

ten years.   She graduated from Baruch College in 2004 with a  Bachelor's Degree in Business

Administration.  In 2007, she began her work as a paralegal with our firm and she has been trained

in all aspects of trial support throughout that period of time.  She has assisted David Stern in all three

capital trials he has conducted, as well as many other trials, and is expert in providing technical

assistance in the use of trial software applications such as Case Map, Sanction Solutions, Power

Point, and others.   She is also trained in providing transcript, exhibit, and other document

organization in furtherance of effective cross examination both in the office and then in a trial

support role in the courtroom during cross-examination, oral argument, and other phases of trial.

24. Given the depth and breadth of her experience as a highly trained, effective, and

experienced paralegal, we seek compensation for Ms. Ulerio's paralegal services at the rate of

$110.00 per hour for the 30.4 hours she spent in this matter, for total paralegal compensation of

$3,344.00.  Ms. Ulerio's hours are annexed as Exhibit E.

---

[1]

In fact, in 2014, Lucas also met with the client and drafted the Notice of Claim which was filed
with New York City Comptroller's office in this matter, but that is not reflected in the billing
submitted here as it relates to the State claims, and not the federal claims for which compensation
is sought pursuant to § 1988.

WHEREFORE, it is respectfully requested that the Court grant this motion in its entirety, and grant such other and further relief as is just, proper, and consistent with law.

Dated:  New York, New York
        August 7, 2017

Robert A. Soloway  (RS-6209)
ROTHMAN, SCHNEIDER,
    SOLOWAY & STERN, LLP
Attorneys for Plaintiff
100 Lafayette Street
New York, New York 10013
(212) 571-5500